Trevor Q. Coddington (CSB No. 243042)
tcoddington@insigne.law
Brian M. Taddonio (*pro hac vice* to be filed)
btaddonio@insigne.law
Adam T. Turoksy (CSB No. 336024)
aturosky@insigne.law
**INSIGNE PC**
701 Palomar Airport Rd., Suite 230
Carlsbad, CA 92011
Telephone: (858) 227-6633
Facsimile: (858) 724-1440

*Attorneys for Plaintiff*,
JR Apparel World LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JR APPAREL WORLD LLC,<br><br>          *Plaintiff*,<br><br>v.<br><br>TGUSA, INC., D/B/A<br>TRENDY GOLF USA,<br><br>          *Defendant.* | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) Trademark Infringement in Violation of 15 U.S.C. § 1114;**<br>**(2) False Designation of Origin / Unfair Competition in Violation of 15 U.S.C. § 1125(a);**<br>**(3) Trademark Dilution in Violation of 15 U.S.C. § 1125(c);**<br>**(4) Trademark Infringement in Violation of Cal. Bus. & Prof. Code § 14320 and common law;**<br>**(5) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and**<br>**(6) Common Law Unfair Competition**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff JR Apparel World LLC hereby files this Complaint for *inter alia* federal trademark infringement, unfair competition, and trademark dilution against Defendant TGUSA, Inc. d/b/a Trendy Golf USA and alleges as follows:

## THE PARTIES

1.      Plaintiff JR Apparel World LLC ("Plaintiff" or "JR Apparel") is a New York limited liability corporation with its principal place of business at 95 Stirrup Lane, Syosset, New York 11791.

2.      Upon information and belief, Defendant TGUSA, Inc. d/b/a Trendy Golf USA ("Defendant" or "Trendy Golf") is a Delaware Corporation with its principal place of business at 129 Arean Street, El Segundo, California 90245.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court for the claims of federal trademark infringement, unfair competition, and dilution under the trademark laws of the United States, namely, the Trademark Act of July 5, 1946, commonly referred to as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of July 5, 1984, Public Law 98-473, is pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction of this Court for the related claims of state trademark infringement and unfair competition and common law trademark infringement and unfair competition under the statutory and common law of the State of California is based upon 28 U.S.C. §§ 1338(b) and 1367.

4.      This Court may exercise personal jurisdiction over Defendant because Defendant's principal place of business is located within this District, Defendant does business in this District, and Defendant has committed acts of infringement, unfair competition, and dilution at issue in this Complaint in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District, Defendant's principal place of business is in this District, Defendant does business in this District, Defendant is subject to personal jurisdiction in this District, and Defendant has committed acts of infringement, unfair

competition, and dilution at issue in this Complaint in this District.

## JR APPAREL'S BUSINESS AND MEMBERS ONLY MARKS

6.      In 1975, JR Apparel's predecessor, International Trends, LTD. ("International Trends"), founded the world-famous MEMBERS ONLY brand.

7.      Through International Trends' and its successors' substantial advertising, marketing, and sales of goods bearing the mark MEMBERS ONLY, particularly the MEMBERS ONLY Iconic Racer Jacket, MEMBERS ONLY has obtained tremendous popularity and has become widely recognized as an iconic brand. An exemplary example of the MEMBERS ONLY Iconic Racer Jacket is shown below:



8.      In 2012, JR Apparel acquired the MEMBERS ONLY brand, trademarks, trade dress, and associated goodwill from a successor of International Trends. Since that time, JR Apparel has expended considerable time and money to expand the brand from its core line of products into a complete lifestyle brand.

9.      Since 2013, JR Apparel has been offering for sale and selling MEMBERS ONLY merchandise continuously and substantially exclusively throughout the United States and the world. For example, MEMBERS ONLY merchandise is sold by JR

Apparel through a wide range of trade channels, including department stores, online retailers (e.g., Macys.com, Amazon.com, Walmart.com, etc.), and specialty stores. In addition, JR Apparel promotes, offers for sale, and sells MEMBERS ONLY merchandise through its website https://membersonly.com/ and various social media accounts (e.g., Facebook, Instagram, etc.).

10.    The MEMBERS ONLY Iconic Racer Jacket, which prominently features the MEMBERS ONLY mark on the front left chest pocket of the jacket, has appeared in numerous contemporary and popular television shows such as *Saturday Night Live*, *Big Bang Theory*, and *The Walking Dead*; various commercials, including during the Super Bowl; and several movies such as *The Pursuit of Happiness*, *The Love Guru*, *The Other Guys*, *Anchorman 2*. The lead actor wore the MEMBERS ONLY Iconic Racer Jacket throughout the 2020 film *Wonder Woman 1984*. In addition, the MEMBERS ONLY Iconic Racer Jacket has been popularized by a wide variety of past and present entertainers and celebrities, including Frank Sinatra, Freddie Mercury, Robert Dfilme Niro, Billy Joel, Anne Hathaway, Patrick Stewart, Andersen Cooper, Zac Efron, Jordon Sparks, Justin Bieber, Jessica Alba, and many others. Indeed, the MEMBERS ONLY Iconic Racer Jacket is one of the most recognizable jackets. MEMBERS ONLY is a household name.

11.    Since the fall of 2019, JR Apparel has been offering for sale and/or selling MEMBERS ONLY polo shirts through Macy's website https://www.macys.com/shop/mens-clothing/mens-polo-shirts/Brand/Members%20Only?id=20640. The MEMBERS ONLY polo shirt is the type of attire commonly worn by golfers. An example of a MEMBERS ONLY polo shirt is shown below:

 

12.     Since at least 2019, JR Apparel started increasing its involvement in the sport of golf. For example, on April 3, 2019, JRJ Alliance, LLC, an entity related to JR Apparel through ownership, obtained through assignment U.S. Registration No. 5459388 of the mark SWINGSHADE GOLF for "golf umbrellas." A copy of the Certificate of Registration and a copy of the United States Patent and Trademark Office ("PTO") Trademark Electronic Search System (TESS) document is attached hereto as **Exhibit A**.

13.     In addition, JR Apparel is currently promoting the MEMBERS ONLY Swing Shade through its website https://membersonly.com/pages/members-only-x-swingshade and various "infomercials" featured on YouTube https://youtu.be/WB_W-6_vaes). In October 2021, JR Apparel will begin offering for sale and/or selling a MEMBERS ONLY Swing Shade to consumers, including golfers. Representative screenshots from the MEMBERS ONLY website and YouTube are depicted below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Complaint For: Trademark Infringement, Unfair Competition, and Trademark Dilution

1
2
3
4
5
6
7
8
9
10



11  14.    Over the years, MEMBERS ONLY and/or JR Apparel have sponsored
12  and/or have been involved with various sporting events. For example, in 2011 and 2012,
13  MEMBERS ONLY was the official jacket sponsor of the Gumball3000, an international
14  road rally that takes place in different countries annually and features an array of exotic
15  and super sports cars. In particular, the 2012 rally ran from New York City to Los
16  Angeles by way of Toronto, Indianapolis, Kansas City, Santa Fe, and Las Vegas.

17  15.    JR Apparel has recently collaborated with several well-known companies
18  such as Warner Bros. Entertainment, Inc., Nickelodeon, etc., in connection with the
19  promotion, offering for sale, and/or sales of MEMBERS ONLY merchandise. Currently,
20  JR Apparel is collaborating with Warner Animation Group to promote the movie Space
21  Jam: A New Legacy, which is to be released on July 16, 2021. An exemplary
22  MEMBERS ONLY Men's Space Jam New Legacy Team Jacket is shown below:

23
24
25
26
27
28



16.     JR Apparel owns numerous federal trademark registrations and federal trademark applications for the mark MEMBERS ONLY.

17.     JR Apparel owns a federal trademark registration, Reg. No. 1086489, issued by the PTO on February 28, 1978, for MEMBERS ONLY for sport jackets, cloth jackets, leather jackets, cloth coats, leather coats, dress shirts, sweaters" in International Class 25 based on a date of first use of July 1, 1975. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached hereto as **Exhibit B**.

18.     JR Apparel owns a federal trademark registration, Reg. No. 3915373, issued by the PTO on February 8, 2011, for MEMBERS ONLY for "Clothing, namely, men's clothing, namely, sweatpants, sweatshirts, belts, coats, golf apparel, namely, golf shirts, golf trousers, khakis, knit tops, jackets, shoes, sweaters, trousers,; ladies' clothing, namely, coats, jackets, shirts; children's clothing, namely, jackets, shirts" in International Class 25 based on a date of first use of 1987. Affidavits have been filed pursuant to

Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached hereto as **Exhibit C.**

19.    JR Apparel owns a federal trademark registration, Reg. No. 6322461, issued by the PTO on April 13, 2021, for MEMBERS ONLY for "Clothing, namely, men's clothing, namely, hats, shorts, sleepwear, socks, underwear, and vests" in International Class 25 based on a date of first use of March 31, 2019. A copy of the Certificate of Registration for this mark is attached hereto as **Exhibit D.**

20.    JR Apparel owns a federal trademark registration, Reg. No. 5433492, issued by the PTO on March 27, 2018 for MEMBERS ONLY for "Manicure kits comprising tweezers, nail file, nail clippers, and cuticle scissors; screwdriver kits comprising hand operated screwdrivers and punch, and multi-function hand tool kits comprising hand operated screwdriver bits, bit driver, pliers, measuring tape, and socket wrench sockets" in International Class 8 based on a date of first use of June 30, 2016; "Carrying cases specifically adapted for carrying cellphones or tablets" in International Class 9 based on a date of first use of November 30, 2013; "Wallets, briefcases, clutches, and tote bags" in International Class 18 based on a date of first use of January 31, 2014; "Wooden beer barrels" in International Class 20 based on a date of first use of June 30, 2016; "Drinking glasses, beer carriers, namely, insulated carriers for carrying beer glasses, drinking flasks, beer growlers, beer flights in the nature of beer glasses, cocktail shakers, bottle openers, namely, wall mounted bottle openers and bottle opener bracelets, bartender sets, namely, strainers for household purpose, jiggers, juicers, stir sticks, and bar towels, wine sets, namely, corkscrews, charms, and stoppers, and shoe polish kits comprising shoe horn, polishing cloth, shoe brush, and shoe polish" in International Class 21 based on a date of first use of June 30, 2016; and "Bed sheets, towels, and pillow covers" in International Class 24 based on a date of first use of March 31, 2016. A copy of the Certificate of Registration is attached hereto as **Exhibit E**.

21.    JR Apparel owns a federal trademark registration, Reg. No. 6373658, issued

by the PTO on June 1, 2021, for MEMBERS ONLY for "Eyeglasses, eyeglass frames, fashion eyeglasses, sunglasses" in International Class 9 based on a date of first use of November 1, 2020. A copy of the Certificate of Registration for this mark is attached hereto as **Exhibit F**.

22.     JR Apparel owns a federal trademark application, Application Serial No. 88859309, filed on April 3, 2020, for MEMBERS ONLY for "medical wearing apparel, namely, surgical scrub suits, surgical scrub jackets, surgical scrub tops, surgical scrub pants, and surgical scrub hats" in International Class 10. A copy of the PTO's relevant TESS and TSDR documents are attached hereto as **Exhibit G**.

23.     JR Apparel owns a federal trademark application, Application Serial No. 90556014, filed on March 2, 2021, for MEMBERS ONLY for "Perfumes, colognes, cosmetics, aftershave lotions, shampoos, shower gels, soaps, body sprays, body powders, toilet waters, deodorants for personal use, hair gels, hair pomades, and essential oils for personal use" in International Class 3; "Electric razors, non-electric razors, electric hair clippers, non-electric hair clippers, cutlery, namely, kitchen knives, forks, spoons, and side arms, not including firearms, namely, swords and hunting knives" in International Class 8; "Wheeled luggage, non-wheeled luggage, handbags, all-purpose carrying bags, traveling bags, shoulder bags, all-purpose athletic bags, backpacks, duffle bags, messenger bags, sling bags, credit card cases, key cases, cosmetic bags sold empty, drawstring bags, shaving cases in the nature of shaving bags sold empty, umbrellas, parasols, walking sticks, dog collars, dog leashes, cat collars, pet harnesses, muzzles, coats for animals, bags for animals in the nature of animal carriers, animal skins, nappy bags of textile, namely, diaper bags" in International Class 18; "Beers; non-alcoholic malt-based beverages; mineral, flavored and aerated waters; carbonated and non-carbonated soft drinks; sports drinks; energy drinks; fruit and fruit-flavored drinks; fruit juices" in International Class 32; and "Alcoholic beverages, namely, distilled spirits" in International Class 35. A copy of the PTO's relevant TESS and TSDR documents are attached hereto as **Exhibit H**.

24.     JR Apparel owns a federal trademark application, Application Serial No. 90566285, filed on March 8, 2021, for MEMBERS ONLY for "Clothing, namely, men's clothing, namely, gloves, golf apparel, namely, golf shorts, hats, jeans, jogging suits, leggings, blazers, scarves, shorts, sleepwear, socks, suits, swimwear, ties, underwear, and vests; ladies' clothing, namely, sweatpants, sweatshirts, belts, dresses, blouses, skirts, gloves, golf apparel, namely, golf shirts, golf shorts, golf skirts and golf trousers, hats, jeans, jogging suits, khakis, knit tops, leggings, lingerie, blazers, scarves, shoes, shorts, sleepwear, socks, suits, sweaters, swimwear, slacks, trousers, vests and headwear; children's clothing, namely, sweatpants, sweatshirts, belts, coats, dresses, blouses, skirts, gloves, golf apparel, namely, golf shirts, golf shorts, golf trousers and golf skirts, hats, jeans, knit tops, leggings, blazers, scarves, shoes, shorts, sleepwear, socks, suits, sweaters, swimwear, ties, trousers, slacks, underwear, vests, and headwear" in International Class 25. A copy of the PTO's relevant TESS and TSDR documents are attached hereto as **Exhibit I**.

25.     JR Apparel owns a federal trademark application, Application Serial No. 90783859, filed June 19, 2021, for MEMBERS ONLY for "Retail store and showroom services featuring jackets, clothing, clothing accessories, footwear, bags, eyewear and sunglasses, barware and bar glasses, beer, and alcoholic beverages, namely, distilled spirits" in International Class 35 and "Restaurant and bar services featuring brand apparel and memorabilia" in International Class 43. A copy of the PTO's relevant TESS and TSDR documents are attached hereto as **Exhibit J**.

26.     JR Apparel owns a federal trademark application, Application Serial No. 90783875, filed June 19, 2021, for MEMBERS ONLY (& Design) for "Retail store and showroom services featuring jackets, clothing, clothing accessories, footwear, bags, eyewear and sunglasses, barware and bar glasses, beer, and alcoholic beverages, namely, distilled spirits" in International Class 35 and "Restaurant and bar services featuring brand apparel and memorabilia" in International Class 43. A copy of the PTO's relevant TESS and TSDR documents are attached hereto as **Exhibit K**.

27.     JR Apparel also owns substantial common law trademark rights associated with the mark MEMBERS ONLY.

28.     JR Apparel's family of MEMBERS ONLY marks are collectively referred to herein as the "MEMBERS ONLY Marks."

### DEFENDANT'S UNLAWFUL CONDUCT

29.     On June 8, 2020, Defendant submitted a federal trademark application for the mark NO MEMBERS for "Men's and Ladies Clothing, namely, tops, bottoms, hats, and footwear," based on an alleged bona fide intention to use the mark in commerce, which the PTO designated as Application Serial No. 88953607. A copy of the PTO's relevant TESS and TSDR documents are attached hereto as **Exhibit L**.

30.     On November 12, 2020, JR Apparel filed a First 30 Day Request for Extension of Time to Oppose Defendant's NO MEMBERS application. The TTAB granted JR Apparel's request on November 12, 2020. The first 30-day extension of time expired on December 21, 2020. A copy of the relevant Trademark Trial and Appeal Board Electric Filing System (ESTTA) filings are attached hereto as **Exhibit M**.

31.     On December 14, 2020, JR Apparel, through counsel, sent the Attorney of Record for Defendant's NO MEMBERS application a letter via email raising JR Apparel's concerns regarding Defendant's NO MEMBERS application based on JR Apparel's belief that Defendant's "use of the mark NO MEMBERS in connection with the identified goods will likely cause consumer confusion and dilute the distinctive quality of [JR Apparel's] famous MEMBERS ONLY mark." As such, JR Apparel requested that Defendant (1) promptly and expressly withdraw its NO MEMBERS application and (2) agree not to use or apply to use in the future the MEMBERS ONLY mark in any manner that would be confusingly similar to or dilutive of JR Apparel's MEMBERS ONLY mark, including, but not limited to, NO MEMBERS. JR Apparel requested a response from Defendant by December 18, 2020. However, JR Apparel did not receive a response from Defendant.

32.     On December 21, 2020, having not received a response from Defendant, JR

Apparel filed a Notice of Opposition before the TTAB on the grounds of "priority and likelihood of confusion" based on Trademark Act Section 2(d) and "dilution by blurring" based on Trademark Act Sections 2 and 43(c). A copy of JR Apparel's Notice of Opposition is attached hereto as **Exhibit N**. The TTAB assigned the Opposition number 9126648, and that Opposition is currently pending[1].

33.     On February 1, 2021, Defendant filed its Answer with the TTAB. A copy of Defendant's Answer is attached hereto as **Exhibit O**. Except for paragraphs 1, 27, 28, 29, Defendant answered all other paragraphs of the Notice of the Opposition with the single response that "Applicant is without sufficient knowledge or information to admit or deny the allegations."

34.     On February 1, 2021, JR Apparel, through counsel, sent Defendant's counsel an email in which JR Apparel raised its concerns regarding the sufficiency of Defendant's answers to Paragraphs 4, 8, 12, 13, 14, 15, 16, and 17 of the Notice of Opposition. Specifically, JR Apparel did not understand how Defendant lacked sufficient knowledge or information to admit or deny allegations that either copied or tracked information contained in public records attached as exhibits to the Notice of Opposition. Within that same correspondence, JR Apparel's counsel advised Defendant's counsel that JR Apparel had become aware that Defendant was offering for sale and/or selling apparel and clothing items bearing the mark NO MEMBERS through at least its website https://trendygolfusa.com/t/brand/no-members?search%5Bgender%5D=m. JR Apparel did not receive a response from Defendant.

35.     On March 1, 2021, JR Apparel and Defendant, through respective counsel, conducted a Rule 26(f) Discovery Conference telephonically, during which time counsel discussed their respective client's positions and explored the possibility of an amicable

---

[1] A motion to suspend the Opposition proceeding pursuant to Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 510 was filed with the TTAB shortly after the filing of the Complaint with this Court.

1  resolution. No settlement was reached during that call or thereafter.

2      36.    Despite JR Apparel's repeated concerns regarding Defendant's (1) pending

3  Application Serial No. 88953607 of NO MEMBERS for "Men's and Ladies [sic]

4  Clothing, namely, tops, bottoms, hats, and footwear" and (2) promoting, offering for sale,

5  and/or sales of apparel and clothing items bearing the mark NO MEMBERS, Defendant

6  has knowingly and willfully continued to infringe JR Apparel's registered and common

7  law trademark rights, unfairly compete with JR Apparel, and to dilute the distinctiveness

8  of JR Apparel's famous MEMBERS ONLY Marks through at least its website

9  https://trendygolfusa.com/mens/no-members and its social media channels (e.g.,

10  https://www.instagram.com/nomembersclubhouse/). Representative examples of

11  Defendant's NO MEMBERS merchandise, apparel, and/or advertising are depicted

12  below:









37.     A visual comparison of Defendant's hat bearing NO MEMBERS and the MEMBERS ONLY label featured on most if not all of JR Apparel's MEMBERS ONLY merchandise demonstrates the similar appearance of the two marks, particularly given the dominance of "Members" with little else separating the two:



38.     Upon information and belief, despite receiving notice of JR Apparel's concerns on more than one occasion and in more than one manner as detailed more fully above, Defendant continues to promote, offer for sale, and sell clothing and apparel items bearing the mark NO MEMBERS.

39.     As such, Defendant is knowingly and willfully continuing to infringe JR Apparel's registered and common law trademark rights and continuing to dilute the distinctiveness of JR Apparel's MEMBERS ONLY Marks.

40.     Defendant's aforesaid acts have caused, and unless enjoined, will continue to cause irreparable damage and injury to JR Apparel, for which JR Apparel has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**

**FEDERAL TRADEMARK INFRINGEMENT**

**(Violation of 15 U.S.C. § 1114 of the Lanham Act)**

41.     JR Apparel repeats and realleges the allegations above as if fully set forth herein.

42.     Defendant uses the mark NO MEMBERS in connection with the promotion,

offering for sale, and sales of clothing and apparel items.

43.    Defendant uses the mark NO MEMBERS in connection with the advertising and sale of goods that are identical, overlap, and/or are highly similar to the goods that JR Apparel promotes, offers for sale, and/or sells in connection with its MEMBERS ONLY Marks.

44.    Upon information and belief, Defendant's goods are promoted, offered for sale, and/or sold through the same or similar channels of trade and to the same or similar classes of customers as are the goods that JR Apparel promotes, offers for sale, and/or sells in connection with its MEMBERS ONLY Marks.

45.    Defendant began use of the mark NO MEMBERS long after JR Apparel established rights to its MEMBERS ONLY Marks.

46.    Defendant's use of a confusingly similar imitation of MEMBERS ONLY is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of Defendant's goods and is likely to deceive the public into believing that the goods and services being offered by Defendant originate from, are associated with, or are otherwise authorized by JR Apparel.

47.    Defendant's acts are without license or permission of JR Apparel.

48.    Defendant's conduct as set forth above constitutes infringement of JR Apparel's federal registered trademarks under 15 U.S.C. § 1114.

49.    Upon information and belief, Defendant's conduct, including continuing infringement with knowledge of JR Apparel's registered trademarks, and continuing such use after notice, constitutes knowing, purposeful, and willful infringement of JR Apparel's trademark rights.

**SECOND CLAIM FOR RELIEF**

**FEDERAL UNFAIR COMPETITION**

**(Violation of 15 U.S.C. § 1125(a) of the Lanham Act)**

50.    JR Apparel repeats and realleges the allegations above as if fully set forth herein.

51.     Defendant's use of the confusingly similar NO MEMBERS mark in connection with promotion, offering for sale, and/or selling of clothing and apparel items that are identical, overlap, and/or are highly similar to the goods promoted, offered for sale, and/or sold by JR Apparel in connection with the mark MEMBERS ONLY is likely to cause confusion, or to cause mistake, to deceive as to the affiliation, connection, or association between Defendant and JR Apparel, or is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by JR Apparel.

52.     Defendant's acts are without license or permission of JR Apparel.

53.     Defendant's acts constitute a violation of Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

54.     Upon information and belief, Defendant's acts were committed willfully, knowingly, maliciously, and in conscious disregard for JR Apparel's rights.

55.     The aforesaid conduct of Defendant has caused, and unless restrained by this Court, will continue to cause irreparable injury to JR Apparel's property and business.

56.     JR Apparel has no adequate remedy at law and, if Defendant's activities are not enjoined, JR Apparel will continue to suffer irreparable harm and injury to its goodwill and reputation.

## THIRD CLAIM FOR RELIEF
## <u>FEDERAL TRADEMARK DILUTION</u>
### (Violation of 15 U.S.C. § 1125(c) of the Lanham Act)

57.     JR Apparel repeats and realleges the allegations above as if fully set forth herein.

58.     The MEMBERS ONLY Marks are distinctive and famous and have been since before Defendant's unauthorized use of a confusingly similar imitation.

59.     The MEMBERS ONLY Marks have received extensive publicity and third-party recognition and MEMBERS ONLY is recognized as a household name worldwide.

60.     JR Apparel licenses the MEMBERS ONLY Marks only to licensees who

agree to use them properly and in a certain manner, and any dilution of that use is harmful to JR Apparel, which derives significant revenue based on the goodwill associated with the MEMBERS ONLY Marks.

61.     Defendant's acts have diluted the distinctive quality of the MEMBERS ONLY Marks in violation of 15 U.S.C. § 1125(c).

62.     Upon information and belief, Defendant's dilution of JR Apparel's famous MEMBERS ONLY Marks is knowingly and willful.

63.     JR Apparel has no adequate remedy at law and, if Defendant's activities are not enjoined, JR Apparel will continue to suffer irreparable harm and injury to its goodwill and reputation.

**FOURTH CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW**

**AND COMMON LAW**

**(Violation of Cal. Bus. & Prof. Code § 14320)**

64.     JR Apparel repeats and realleges the allegations above as if fully set forth herein.

65.     Defendant's adoption and use, without the consent of JR Apparel, of a colorable imitation of JR Apparel's MEMBERS ONLY Marks in connection with the sale, offering for sale, and/or promotion of goods that are identical, overlap, and/or are highly similar to the goods that JR Apparel promotes, offers for sale, and/or sells in connection with the MEMBERS ONLY Marks is likely to cause confusion or mistake or to deceive consumers as to the source of origin of those goods in violation of the common law of the State of California and Cal. Bus. & Prof. Code § 14320.

66.     Defendant's acts and conduct complained of herein have damaged JR Apparel and will, unless restrained, further impair the value of the MEMBERS ONLY Marks and the goodwill associated therewith.

67.     Defendant's acts of trademark infringement in violation of California statutory law will likely cause JR Apparel to sustain monetary damages, loss, and injury

1  and have unjustly enriched Defendant in an amount to be determined at the time of trial.

2      68.    Upon information and belief, Defendant has engaged and continues to

3  engage in this activity knowingly and willfully.

4      69.    Defendant's acts of state law trademark infringement, unless enjoined by

5  this Court, will continue to case JR Apparel to sustain irreparable damage, loss, and

6  injury, for which JR Apparel has no adequate remedy at law.

7  **FIFTH CLAIM FOR RELIEF**

8  **<u>UNFAIR COMPETITION UNDER CALIFORNIA LAW</u>**

9  **(Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

10      70.    JR Apparel repeats and realleges the allegations above as if fully set forth

11  herein.

12      71.    Defendant's unauthorized conduct as alleged in this Complaint constitutes

13  infringement, dilution, and unfair competition in violation of federal and state law.

14      72.    Defendant's advertising, offering for sale, and sales of goods in connection

15  with a mark confusingly similar to JR Apparel's MEMBERS ONLY MARKs constitutes

16  unfair competition in the State of California in violation of Cal. Bus. & Prof. Code §

17  17200.

18      73.    JR Apparel has no adequate remedy at law and if Defendant's activities are

19  not enjoined, JR Apparel will continue to suffer irreparable harm and injury to its

20  goodwill and reputation.

21  **SIXTH CLAIM FOR RELIEF**

22  **<u>COMMON LAW UNFAIR COMPETITION</u>**

23      74.    JR Apparel repeats and realleges the allegations above as if fully set forth

24  herein.

25      75.    The MEMBERS ONLY Marks have acquired secondary meaning in the

26  minds of the trade and the consuming public in California and have come to be associated

27  exclusively with JR Apparel.

28      76.    Defendant's adoption and offering for sale of goods under the mark NO

MEMBERS is likely to cause confusion, to cause mistake, to deceive, to appropriate and to trade upon JR Apparel's goodwill and reputation which are symbolized by the MEMBERS ONLY Marks and, thus, Defendant's acts constitute unfair competition in violation of the common law of the State of California.

77.     Upon information and belief, Defendant has engaged and continues to engage in this activity knowingly and willfully.

78.     Defendant's acts and conduct complained of herein have damaged JR Apparel and will, unless restrained, further impair the value of the MEMBERS ONLY Marks and the goodwill associated therewith.

79.     Defendant's acts of common law unfair competition, unless enjoined, will cause JR Apparel to sustain monetary damages, loss, and injury and have unjustly enriched Defendant in an amount to be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, JR Apparel prays for the following relief:

1.     Entry of a judgment that Defendant has infringed the MEMBERS ONLY Marks in violation of JR Apparel's rights under 15 U.S.C. § 1114 and common law;

2.     Entry of a judgment that Defendant has competed unfairly with JR Apparel in violation of JR Apparel's rights under 15 U.S.C. § 1125(a) and the common law;

3.     Entry of a judgment that Defendant has violated Cal. Bus & Prof. Code §§ 14320 and 17200 *et seq.*;

4.     Entry of an order directing Defendant to provide to JR Apparel for destruction any and all unlawful products or materials, and to compensate JR Apparel for corrective advertising or other expenses necessary to dispel the public confusion caused by Defendant's unlawful acts;

5.     Entry of a judgment against Defendant for monetary damages in an amount to be proven at trial, including but not limited to, statutory damages and all amounts necessary to compensate JR Apparel for Defendant's wrongful use of a confusingly similar imitation of the MEMBERS ONLY Marks, including reasonable attorneys' fees

and costs;

6. Entry of a judgment against Defendant for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendant's unlawful acts alleged herein with respect to the MEMBERS ONLY Mark, said award to equal at least treble JR Apparel's actual damages under 15 U.S.C. § 1117;

7. Entry of an injunction directing Defendant to abandon, with prejudice, its federal trademark application for the mark NO MEMBERS, and not to seek any registrations for any mark that is confusingly similar to the MEMBERS ONLY Marks in any place or with any administrative body; and

8. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues raised by this Complaint.

Dated: July 14, 2021                    INSIGNE PC,

By:   /s/Trevor Coddington
      Trevor Q. Coddington
      Brian M. Taddonio
      Adam T. Turosky
      701 Palomar Airport Rd., Suite 230
      Carlsbad, CA 92011
      Phone: (858) 227-6633
      Fax: (858) 405-4422

      *Attorneys for Plaintiff*,
      JR Apparel World LLC

21

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, I caused a copy of the foregoing

**COMPLAINT FOR: (1) Trademark Infringement in Violation of 15 U.S.C. § 1114; (2) False Designation of Origin / Unfair Competition in Violation of 15 U.S.C. § 1125(a); (3) Trademark Dilution in Violation of 15 U.S.C. § 1125(c); (4) Trademark Infringement in Violation of Cal. Bus. & Prof. Code § 14320 and common law; (5) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (6) Common Law Unfair Competition**

and attachments thereto to be served *via* electronic mail to counsel for all parties and their counsel of record, who are deemed to have consented to electronic service using the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 14, 2021                    INSIGNE PC


                              By:   /s/ Trevor Coddington
                                    Trevor Q. Coddington
                                    Brian M. Taddonio
                                    Adam T. Turosky
                                    701 Palomar Airport Rd., Suite 230
                                    Carlsbad, CA 92011
                                    Phone: (858) 227-6633
                                    Fax: (858) 405-4422

                                    *Attorneys for Plaintiff,*
                                    JR Apparel World LLC